IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISON

BELINDA MALDONADO ( No. __23-CV-37__
(
v. (
(
CITY OF MIDLAND , TEXAS and JOHN DOE (
Nos. 1-3 (

## COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

BELINDA MALDONADO, Plaintiff, complains of CITY OF MIDLAND, TEXAS and JOHN DOE Nos. 1-3., Defendants, and for causes of action would show:

1.
(The Party Plaintiff)

LISA PENA, Plaintiff, is an individual and resident of Midland County, Texas.

2.
(The Party Defendant)

Defendant CITY OF MIDLAND, TEXAS is a municipal corporation operating in Midland County, Texas. This Defendant may be served by serving with process: Lori Blong, Mayor, City of Midland, Texas, 300 No. Loraine Ave., Midland, Texas 79701..

Plaintiff reserves the naming of additional defendants in the event that other actors, aided and abetted in, or were a party to the tort conduct of the Defendants. These additional defendants will be designated as John Doe Nos. 1-3.

3.
(Venue & Primary Jurisdiction)

Venue is proper in this District Court and this Division for the reason that the wrongful conduct occurred in Midland County, Texas, which is located within the Midland Division of the United States District Court for the Western District of Texas.

The Plaintiff invokes the federal question jurisdiction of the United States District Court, for she sues for remedies under Title VII and other federal statutes.

The conditions precedent to filing suit have been met. The Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission on or about October 07, 2021. The Charge of Discrimination was docketed under Charge No. 453-2021-01105.  On or about January 07, 2023, The Equal Employment Opportunity Commission served a Notice of Rights was served upon the Plaintiff.

3.
(Causes of Action)

BELINDA MALDONADO, the Plaintiff, hereafter referred to as "Maldonado" was employed by the CITY OF MIDLAND, TEXAS, hereafter referred also as "Midland" as a heavy equipment operator. On or about May 27, 2021, one or more agents acting on behalf of the Midland and under the color of state law terminated Maldonado. The termination was part of a pattern and practice of sex-base harassment by her co-workers and supervisors, to the extent that the sex-base harassment created a hospital work employment. Maldonado's supervisor Ben Jordan had knowledge of the discriminatory conduct, but failed to take corrective or remedial action.

Maldonado was working as the only female at the Sprayberry Farms. She was encouraged by her supervisors to obtain a Texas Commercial Driver's License, which she completed. Her supervisors represented to her that she would be reimbursed for the CDL course but was not. She also was not given a pay raise.  Maldonado's supervisor would assign her jobs by herself

but was without help. Midland had a practice of giving the male employees a partner in assigning such jobs. Maldonado was required to loan biosafe by herself, but male employees were given assistance. Midland also provided assistance to male employees in spraying weeds, doing water samples, soil and crop samples. Maldonado requested from her supervisor help as the male employees were given, but the supervisor said she wanted special treatment.

Midland also in January 2021 made Maldonado's schedule where she worked only 40 hours per week with no overtime, but the male employees were given overtime.

The conduct of the co-employees and supervisors created a hostile work environment and were designed to force the Plaintiff to quit. Maldonado was terminated as a result of a supervisor disputing a work vehicle being brought into Midland's garage for repair of the vehicle's air conditioning. The Plaintiff's sex was the factor or a factor in the termination and was the product a pattern and practice of discriminating against her to precipitate a termination or constructive termination.

## A. Sexual Harassment and Sex Discrimination

During her employment with Midland, Maldonado was subjected to sex-base harassment and sex discrimination by one or more employees of Midland and had been disparate treatment based on her sex and against her when she would come into the work area the conduct of the co-workers and the acquiescence of the Defendant created hostile work environment. It was further aggravated by the Midland's failure to take corrective action.

The Defendant discriminated against the Plaintiff by forcing her to endure a sex-base hostile environment and creating an unsafe workplace by failing to take corrective action. The Defendants aggravated the sexual discrimination by using Maldonado's complaint of sexual harassment as the, or a cause, of her termination.

As a proximate result, the Defendant caused the Plaintiff to suffer both special and general damages in the form of loss of income, mental anguish and pain and suffering, loss of dignity and wellbeing, and physical and mental impairment, for which Maldonado requests an award of compensatory damages.

4.
(Damages)

As a proximate result of the conduct of the Defendant, the Plaintiff sustained damages in the form of loss of income, future loss of earning capacity, mental anguish, pain and suffering and physical and mental impairment. The Plaintiff has sustained a loss of income of up to $145,000.00. The Plaintiff sues for reinstatement, or in the alternative, reasonable future loss of income in the amount of up to $450,000.00. The Plaintiff requests up to $1.5 million for damages of past mental anguish and pain and suffering and mental and physical impairment. The Plaintiff requests an award of up to $500,000.00 for future mental anguish and pain and suffering and mental and physical impairment.

The Plaintiff prays for the sum of $450,000.00 for loss of retirement benefits.

The Plaintiff prays for the recovery from the Defendant, jointly and/or severally, if applicable of all damages in excess of the minimum Jurisdiction of the Court.

5.

The Defendants acted knowingly, intentionally or with reckless indifference in discriminating against the Plaintiff. As such, the assessment of up to $500,000.00 for punitive damages is requested.

The Plaintiff reserves in this pleading any claim for breach of fiduciary duty and common law fraud, as pendent state law claims.

6.

The Plaintiff reserves claims against John Doe Nos. 1-3, if revealed through discovery.

7.
(Notice to Defendants)

A notice of suit rights was served upon the Plaintiff and the Defendant.

8.
(Attorney's Fees)

The Plaintiff requests the recovery of reasonably attorney's fees in an amount in excess of the minimum jurisdiction of the Court, if permitted by statute or case law.

The Plaintiff requests the recovery of up to $75,000.00 for pre-trial representation and up to $10,000.00 for trial of this case.  If the Defendant elects to appeal, the Plaintiff prays for the recovery of up to $50,000.00 for representation through the United States Court of Appeals for the Fifth Circuit.

9.
(Interest)

The Plaintiff requests the recovery of pre-judgment interest, post-judgment interest and the costs of Court.

10.

The Plaintiff demand a trial by jury.

Prayer

Wherefore, the Plaintiff requests that the Defendants be cited to appear and answer and after a trial on the merits, the Plaintiff request the recovery of a Judgment awarding the following relief:

[a]  Compensatory damages for the elements and in the elements alleged above;

[b]  Reasonable attorney's fees;

[c]  Pre-judgment interest, post-judgment interest and costs of court;

[d]  Such other relief to which the Plaintiffs are entitled to recover.

        Respectfully submitted,

        Steve Hershberger, Attorney at Law
        600 No. Marienfeld St., Ste. 1035
        Midland, TX  79701
        432-570-4014
        stevehersh@sbcglobal.net

        By:  /s/ Steve Hershberger_____
        Steve Hershberger
        Texas State Bar # 09543950

        Attorney for Plaintiff